AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)      ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

LODGED
CLERK, U.S. DISTRICT COURT
4/17/25
CENTRAL DISTRICT OF CALIFORNIA
BY: MRV  DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
04/17/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: GR  DEPUTY

United States of America,
  Plaintiff,

v.

Jose Santana Rincon,
  Defendant

Case No. 2:25-mj-02298-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, Casey Sauceda, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about June 28, 2024, in the county of Ventura in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Alien Found in the U.S. Following Deportation or Removal |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Casey Sauceda, Deportation Officer - ICE
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: April 17, 2025

*Judge's signature*

City and state: Los Angeles, California

Hon. Karen L. Stevenson
Chief U.S. Magistrate Judge
*Printed name and title*

AUSA: John D. Ellis (x12468)

**AFFIDAVIT**

I, Casey Sauceda, being duly sworn, declare and state as follows:

### I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint against and arrest warrant for JOSE SANTANA RINCON ("defendant"), charging him with violating Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Deportation or Removal.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### II. BACKGROUND OF DEPORTATION OFFICER CASEY SAUCEDA

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since July 2021. I am currently assigned to the Los Angeles Enforcement and Removal Operations field office.

### III. STATEMENT OF PROBABLE CAUSE

4. On or about June 28, 2024, the ICE Pacific Enforcement Response Center ("PERC") received an electronic notification based on biometric fingerprint information that defendant was arrested by the Oxnard Police Department and in custody at the Ventura County Jail in Ventura, California. On or about that day, PERC lodged a Request for Advance Notification of Release, Interim Form I-247G, with the Ventura County Jail. Defendant does not currently appear to be in custody at the Ventura County Jail.

5. Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States. I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

6. On or about March 26, 2025, I obtained and reviewed DHS A-File A 074-424-999 (the "DHS A-File"), which is maintained for the subject alien "JOSE SANTANA RINCON." The DHS A-File contained the following documents and information:

   a. An executed Warrant of Removal/Deportation, Form I-205, indicating that defendant was officially removed from the United States on or about November 13, 2019, and a Notice to Alien Ordered Removed/Departure Verification, Form I-296, indicating defendant was official removed from the United States on or about August 18, 2011. I know from my training and

2

experience that a Form I-205 or Form I-296 is executed each time a subject alien is removed and excluded from the United States by ICE (or its predecessor agency, INS) and usually contains the subject's photograph, signature, and fingerprint. The executed Forms I-205 and I-296 in the DHS A-File contained defendant's photograph, signature, and fingerprint; and

    b.   Various documents, in addition to the Forms I-205 and I-296, indicating that defendant is a native and citizen of Mexico. These documents included an Order of the Immigration Judge, dated August 10, 2009, ordering defendant to be removed in the alternative to Mexico, and defendant's birth certificate, which indicated that he was born in Mexico.

    7.   When an individual is fingerprinted by ICE, or the former INS, the individual is issued a Fingerprint Identification Number ("FIN"). The FIN is then automatically associated with the individual's A-Number, a unique identifier assigned by DHS to aliens encountered in the United States. In this case, defendant's fingerprints were assigned FIN 1092445460, which was then linked to A-Number A 074-424-999.

    8.   On or about March 26, 2025, I reviewed the Immigration Alien Response ("IAR") electronic notification associated with defendant's arrest on June 28, 2024. The FIN listed on the IAQ was 1092445460. I thus confirmed that the individual arrested on June 28, 2024, was defendant, a previously deported alien.

    9.   On or about March 26, 2025, I reviewed the printouts of ICE computer indices relating to defendant. Based on my training and experience, I know that the ICE computer indices

track and document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States.  The ICE computer indices confirmed that defendant had been removed, deported, and/or excluded on the date indicated on the Forms I-205 and I-296 found in the DHS A-File.  The ICE computer indices further indicated that defendant had not applied for, nor obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.

10.  The DHS A-File does not contain any record of defendant's ever applying for, or receiving from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.  Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in the DHS A-File.

//
//
//

## IV. CONCLUSION

11.  For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Deportation or Removal.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 17th day of
April 2025.

_Karen L. Stevenson_
HON. KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE